■ HAUGE HANSEN, Respondent, v. CAYE CONSTRUCTION COMPANY, INC., Defendant, and ANTHONY J. CARANNANTE et al., Individually and as Copartners Doing Business under the Name of CARANNANTE & ILLIANO CONSTRUCTION COMPANY, Appellants. (And Third-Party Action.) — In a negligence action to recover damages for personal injury, the defendants Carannante and Illiano, individually and as copartners doing business under the firm name of Carannante & Illiano Construction Company, appeal from so much of an amended judgment of the Supreme Court, Richmond County, entered December 13, 1963 after trial upon a jury's verdict, as awarded damages in favor of the plaintiff and against them. Judgment, insofar as appealed from by said defendants, reversed on the law and the facts; action severed as against the other defendants, namely, Caye Construction Company, Inc., and United Stone Works, Inc.; and a new trial granted, with costs to abide the event, as between plaintiff and the defendants Carannante and Illiano. Plaintiff, a stoneworker, fell from a 14-foot bricklayer's scaffold erected by defendants Carannante and Illiano, and was severely and permanently injured. There were no eyewitnesses to the accident and the plaintiff was unable to testify in his own behalf. There was testimony that while plaintiff and two coemployees were lowering a boom from a roof and while the plaintiff was standing on the scaffold, he fell to the ground. The jury returned a verdict in plaintiff's favor against defendants Carannante and Illiano. There is no evidence as to how the accident happened. A verdict may not be based on speculation (*Cole* v. *Swagler*, 308 N. Y. 325; *Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339). On a new trial, however, the plaintiff, who at the time of the previous trial was without memory as to how the accident happened, may be in a position to testify in his own behalf. He may then be able to explain the ·circumstances under which the accident occurred and to show the said defendants' negligence, if any, in connection therewith, as well as his own freedom from contributory negligence. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.